FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MATTHEW SHAWN IZENBERG,

        Defendant - Appellant.

No. 12-4045
(D.C. Nos. 2:11-CV-00972-DB &
2:08-CR-00365-DB-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After Matthew Izenberg pleaded guilty to distribution of methamphetamine, the district court enhanced his sentence in light of Mr. Izenberg's four previous drug felony offenses. Mr. Izenberg did not contest this result on direct appeal, but eventually filed a federal habeas petition under 28 U.S.C. § 2255. In his petition, Mr. Izenberg alleged his trial counsel was ineffective for failing to object to his sentencing enhancement. Finding the petition without merit, the district court dismissed it. Now before us, Mr. Izenberg requests a certificate of appealability (COA) in order to contest the district court's decision.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant this request, however, only if Mr. Izenberg makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Izenberg has not met this standard. He argues that his counsel was ineffective for failing to object to his sentencing enhancement. But Mr. Izenberg gives us no reason to doubt the district court's conclusion that the sentencing enhancement was appropriate. And we cannot fault an attorney for failing to make a meritless objection. Specifically, Mr. Izenberg does not dispute that he was convicted of the previous drug felonies listed in the government's information. And he does not give us any reason to question that those felonies qualified as "felony drug offense[s]" under 21 U.S.C. § 802(44). As best we can tell, Mr. Izenberg operates under the misapprehension that his state drug felony convictions do not count for federal sentencing enhancement purposes because they were not *federal* felonies. In fact, however, federal law expressly defines qualifying "felony drug offense[s]" to include convictions for offenses "punishable for more than one year under any law of the United States or of a State or foreign country." *Id.* Given this state of affairs, we have no reason to

- 2 -

question the propriety of district court's sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) and U.S.S.G § 4B1.1 and counsel's failure to object to it. Mr. Izenberg's other arguments, about the Fair Sentencing Act and his career history computation, were not raised before the district court, and thus they are not preserved for our review. *See Matthews v. Workman,* 577 F.3d 1175, 1188 n.5 (10th Cir. 2009).

We grant Mr. Izenberg's motion to proceed *in forma pauperis*, but deny his request for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge